UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

UNITED STATES OF AMERICA      )
                              )
    Plaintiff,                ) Action No. 5:12-CR-12-JMH
                              )
v.                            )
                              )
JEREMY D. DUNN, et al.,       ) **MEMORANDUM OPINION & ORDER**
                              )
    Defendants.               )
                              )
                              )

                    **   **   **   **   **

This matter is before the Court on Jeffrey Dunn's Motion to sever trial on Count 4 from Counts 2 & 3 charged in the indictment [Record No. 33], and Motion of Jeremy Dunn to sever his trial from that of Jeffrey Dunn [Record No. 37]. The Court, having considered arguments made in the briefs on this matter and the arguments of counsel heard before the Court on April 30, 2012, will deny the motions for the following reasons.

On February 2, 2012, the grand jury in Lexington returned a multi-count indictment against Jeremy D. Dunn and Jeffrey E. Dunn. [Record No. 1]. Count 1 charges Jeremy D. Dunn with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Count 2 charges Jeffrey E. Dunn with committing a Hobbs Act

1

robbery, in violation of 18 U.S.C. § 1951. Count 3 charges Jeffrey E. Dunn with using a firearm in furtherance of the Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). Count 4 charges Jeffrey E. Dunn with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The felon in possession of firearm and ammunition charges against Jeremy Dunn (Count 1) and Jeffrey Dunn (Count 4) are based on the men's separate possession of Gary Gammon's black semiautomatic pistol. Jeremy Dunn allegedly possessed the pistol on October 2, 2010. The Hobbs Act robbery (Count 2) and § 924(c) (Count 3) charges against Jeffrey Dunn involve Dunn's use of Gammon's pistol to commit the robbery and shooting of Angelique Lutes on October 3, 2010.

First, with respect to Jeffrey Dunn's Motion to sever Count 4 [Record No. 33], Jeffrey argues that the evidence against him is largely circumstantial and that introduction of a prior conviction as to Count 4 will prejudice him in this matter. The charges of related to the use of Gary Gammon's pistol to rob and shoot Angelique Lutes (Counts 2 and 3), and being a felon in possession of that same pistol (Count 4) "are of the same or similar character, or are based on the same act or transaction or are connected with or constitute parts of a common scheme or plan" as

2

evidenced by the face of the indictment, thus, joinder of the offenses alleged in Counts 2, 3, and 4 is appropriate. Fed. R. Crim. P. 8(a).

While the Court may sever joined offenses or defendants, it may only do so where "consolidation for trial appears to prejudice a defendant." Fed. R. Crim. P. 14(a); *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009). Jeffrey Dunn has not demonstrated that he will be prejudiced by joinder. Where, as here, there is a high degree of connection between the felon-in-possession charges and the other charged offense, joinder is permitted. See *United States v. Waagner*, 104 F. App'x 521, 527 (6th Cir. 2004). In this case, the possession of the pistol was part and parcel of the shooting and robbery charge, and the proof relating to both charges is the same. Any alleged prejudice may be cured with an appropriate instruction by the Court.

With respect to the Jeremy Dunn's Motion to Sever his trial on Count 1 (felon in possession), Jeremy argues that he was charged with possession of the gun used in the robbery and shooting, but that he only possessed it on October 2, 2010 – the day before the other alleged acts by his co-defendant. To allow the cases to be tried together, Jeremy Dunn argues, would be prejudicial to him, as his

3

brother is charged with additional acts with which Jeremy had no involvement. Moreover, Jeremy Dunn notes that he was originally implicated by a witness with the robbery and shooting that his co-defendant and twin brother is now charged with committing. Moreover, he argues that prejudicial evidence will be presented that Jeremy Dunn discussed stealing marijuana from a marijuana patch, and that Jeremy was present when Jeffrey discussed robbing Lutes on an earlier occasion. To the extent that the evidence presented at trial exculpates Jeffrey Dunn at trial, Jeremy argues that he will be implicated and, therefore, prejudiced with respect to the alleged possession of a firearm on October 2, 2010. Jeremy Dunn argues that this would cause the jury to come to the impermissible conclusion that if Jeremy possessed a gun on October 3, 2010, then he also possessed a gun on October 2, 2010. Finally, Jeremy Dunn argues that that while the witnesses are similar, the co-defendants were not present during the alleged criminal acts performed by the other. Thus, the criminal acts are not closely related.

As noted above, however, these events are connected with and constitute parts of a common scheme or plan. The offenses are of the same character, involve the same individuals, both defendants and witnesses, and the actions

4

forming the basis for all counts occurred during a 24 hour time frame. Jeremy Dunn has failed to show substantial, undue, or compelling prejudice requiring a severance. *Deitz*, 577 F.3d at 692. Much of the proof in this case will be in the form of witness testimony, including testimony from Gary Gammon. While Gammon is expected to implicate Jeremy Dunn in the possession of the firearm on or about October 2, 2012, his testimony is expected to exculpate Jeremy in the robbery and shooting allegations. Jeremy Dunn is not charged with robbing or shooting Lutes, and a reasonable jury will be capable of distinguishing the evidence presented and applying it to each defendant following an appropriate instruction by the Court. A proper instruction will cure any alleged prejudice.

Accordingly, **IT IS ORDERED THAT**:

1) Jeffrey Dunn's Motion to Sever Count 4 of the Indictment [Record No. 33] is **DENIED**; and

2) Jeremy Dunn's Motion to Sever [Record No. 37] is **DENIED**.

This the 30th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5